UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER POLINSKI,

                        Petitioner,

     v.                                                          9:25-CV-1322
                                                                  (AMN)

HON. RALPH J. EANNACE, JR.; UTICA CITY COURT;
ONEIDA COUNTY SHERIFF & CUSTODIANS,

                        Respondents.[1]
_____

APPEARANCES:                                                   OF COUNSEL:

PETER POLINSKI
Petitioner, pro se
5735 Cavanaugh Road
Suite 614
Marcy, New York 13403

ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-2, Exhibits ("Ex."); Dkt. No. 2, Amended Petition ("Am. Pet."), at 7-14.[2] Petitioner also remitted the statutory filing fee. Dkt. Entry dated 09/22/25

---

[1] The proper respondent for a § 2241 petition is the individual "with the ability to produce [the petitioner's] body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Here, petitioner has named additional, unnecessary parties as the respondent. However, because the action is ultimately being dismissed, the undersigned will not direct the Clerk to amend to caption to name the proper respondent.

[2] Petitioner includes a motion, requesting permission to file an amended pleading, with his Amended Petition. Dkt. No. 2 at 1-6. Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Pursuant to the Rule, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" FED. R. CIV. P. 15(a)(1). Consequently, given the timing of the filings, petitioner need not receive prior

(memorializing receipt information from the filing fee transaction).[3]  Finally, petitioner filed a motion for a preliminary injunction/expedited hearing.  Dkt. No. 3.

For the reasons which follow, the petition is dismissed and the request for injunctive relief and an expedited hearing is denied.

## II. THE PETITION

On June 1, 2023, petitioner was arrested by the United States Marshals while he was filing pleadings in a federal court.  Am. Pet. at 8.  Petitioner was then transferred into the Oneida County Sheriff's custody and arraigned in the Utica City Court for violations of New York State Penal Law § 170.10 (Forgery in the Second Degree).  *Id.* at 8-9.  Petitioner was ultimately released pending trial.  *Id.* at 9.

Petitioner argues that he is entitled to federal habeas relief because (1) the Utica City Court lacked jurisdiction over the forgeries petitioner was alleged to have committed; (2) the prosecution is lacking a valid accusatory instrument; (3) the process was unlawful since petitioner has not seen a valid judicial warrant or supporting affidavit; (4) petitioner's due process and equal protection rights have been violated by his unlawful federal seizure; (5) "[b]ad faith/harassment/irreparable injury and lack of adequate state remedy preclude abstention;" and (6) various aspects of petitioner's pretrial restraints and custody have violated his Fourth, Sixth, and Eighth Amendment rights.  Am. Pet. at 9-12.

Petitioner seeks (1) respondents to answer his pleading within three (3) days; (2) this Court to "[s]tay any arrest, detainer, or enforcement action arising from [his state criminal proceedings] pending disposition of this Petition," (3) an expedited evidentiary hearing; (4)

---

permission from the Court to file an Amended Petition.  Therefore, the Amended Petition is accepted as the operative pleading.
[3] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

release "from all restraints arising from [his state criminal proceedings], including any warrant, detainer, or custodial hold;" and (5) expungement of his state criminal record. Am. Pet. at 13-14.

## III. DISCUSSION

### A. *Younger* doctrine

Petitioner seeks absolution from his pending criminal case in the Utica City Court. Essentially, petitioner asks this Court to intervene in a pending state criminal matter, by dismissing the state court charging documents which petitioner contends are unlawful and unsupported.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). Specifically, the court considers whether "three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Here, petitioner acknowledges that there is an ongoing state court proceeding. Second, the Second Circuit has stated that "[t]here is no question that [an] ongoing prosecution implicates important state interests[.]" *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Finally, for the reasons discussed below, there is no reason to conclude that the state court proceedings available to petitioner fail to provide him with an adequate opportunity for judicial review. Accordingly, with respect to claims that involve his pending state criminal

proceedings, like the state court's jurisdiction or the lawfulness of the charging documents, this Court must abstain.

The Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply. *See Diamond "D" Constr. Corp.*, 282 F.3d at 198. Petitioner argues that the "Younger Abstention [is] Inapplicable . . . [because b]ad faith/harassment/irreparable injury and [a] lack of adequate state remed[ies] preclude abstention." Am. Pet. at 11. Specifically, petitioner argues that he "remains under continuing restraint" and that "[t]hese restraints inflict irreparable harm, including ongoing loss of liberty and privacy, continuing stigma and reputational damage, chilling of movement and association, exposure to immediate re-seizure, and collateral disabilities in employment and community standing." *Id.* at 9.

However, petitioner's contentions that abstention is inapplicable are unpersuasive. "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution, even when violations of constitutional rights are egregious, does not warrant application of the bad faith exception to *Younger* abstention." *Barker v. Suffolk County*, No. 2:24-CV-7941, 2024 WL 4827739, at *3 (E.D.N.Y. Nov. 18, 2024) (holding that, despite allegations that an ongoing prosecution did not follow criminal procedure laws, included constitutionally ineffective counsel and an unknowing guilty plea, and forged documents from law enforcement, New York's criminal prosecutions "implicate[ an] . . . important interest in enforcing its own criminal laws," and "[t]he state proceeding will afford . . . an adequate opportunity for judicial review of [the] constitutional claims because, if [there] is [a] convict[ion], [the claims can be] raise[d] . . . on direct appeal or through collateral review.")

4

(citations omitted). Here, as in *Barker*, petitioner appears to assert that the execution of the criminal prosecution, from the charging documents at its inception, is flawed.

To the extent that the pleadings can be read differently, petitioner has, at best, presented only conclusory assertions that "his state prosecution was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive and without a reasonable expectation of obtaining a favorable outcome," which are insufficient to meet the exception standard. *Rosa v. Comm. Of Corr.*, No. 3:24-CV-1738, 2025 WL 1566666, at *4 (D. Conn. June 3, 2025) (concluding that "conclusory allegations" of conspiracy and retaliation are inadequate to meet the demanding exception standard) (citations omitted).

Nor has petitioner asserted extraordinary circumstances.

> The Second Circuit has identified two predicates for application of this exception: (1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer great and immediate harm if the federal court does not intervene.

*Rosa*, 2025 WL 1566666, at *4 (quoting *Diamond "D" Constr. Corp.* 282 F.3d at 201)) (internal quotation marks and alterations omitted).

Here, petitioner has not attempted to challenge any of his purported violations in state court, declaring that relief is futile because jurisdiction is lacking. But petitioner is misinformed. He cannot use a federal habeas action to attempt to circumvent the state criminal trial process. *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *5 (N.D.N.Y. May 22, 2018) (citing cases). "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not

satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter.  *Id.*[4]

Moreover, "[i]t is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim."  *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also Engle v. Issac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.  Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles [of comity.]").  Consequently, petitioner's declarations of futility do not absolve him from pursuing said claims through the available avenues in state court, even if he anticipates his efforts will not be successful.

### B. Exhaustion

Even if petitioner's claims are not barred by the *Younger* abstention doctrine, they are premature.  Regardless of whether petitioner makes these challenges right now, during the pretrial phase of the criminal proceedings or later, in the event that he becomes a convicted state inmate, he would still have to exhaust his challenges in state court.  *See Blanchard*, 2018 WL 2324054, at *2-*3 (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389,

---

[4]  While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

Petitioner has not attempted to litigate his constitutional challenges through any state court proceeding.  Instead, petitioner acknowledges his failure to exhaust his claims, by proclaiming that "§ 2241 exhaustion is . . . excused where [it is] ineffective or futile."  Am. Pet. at 12.  However, petitioner's conclusory declarations of futility are similarly unpersuasive here too.

As previously stated, "[a] petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).  Further, state courts and the exhaustion requirement cannot be unilaterally bypassed due to the belief that the courts "may be unreceptive to the claim." *Jones*, 329 F.3d at 295; *Engle*, 456 U.S. at 130.  Consequently, it is not futile to require petitioner to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

### C.     Preliminary Injunction/Expedited Hearing

Because the amended pleading is dismissed without prejudice, petitioner's additional request for injunctive relief and an expedited hearing are denied as moot

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Amended Petition, Dkt. No. 2, is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that petitioner's motion for injunctive relief/expedited review, Dkt. No. 3, is **DENIED** as moot; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**


Dated: October 16, 2025
      Albany, NY

_____
Anne M. Nardacci
U.S. District Judge